NOT DESIGNATED FOR PUBLICATION

No. 112,127

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JASON THOMAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN, judge. Opinion filed September 18, 2015. Affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before PIERRON, P.J., MCANANY, J., and BURGESS, S.J.

*Per Curiam*: Jason Thomas appeals the revocation of his probation and the imposition of his underlying prison sentence. Thomas claims the district court abused its discretion by not first imposing an intermediate sanction.

Pursuant to a plea agreement with the State, Thomas pled guilty to criminal possession of a firearm by a convicted felon. Thomas has a criminal history A, with 23 court interventions and clear alcohol problems. Nevertheless, the court granted Thomas' motion for probation with an underlying 23-month prison term. Thomas was prohibited

1

from possessing or consuming alcohol and from associating with anyone affiliated with any gang.

A few months later, Thomas was found in a car with a Sur 13 gang member. Thomas had a blood alcohol level of .193. Thomas stipulated to the violations but argued for the imposition of an intermediate sanction pursuant to K.S.A. 2013 Supp. 22-3716(c) because he had not engaged in actual gang activity and did not have a past history with the Sur 13 gang. Further, while Thomas admitted he violated his probation by consuming alcohol, he noted that he did not drive while intoxicated or act violently. The district court rejected these arguments and imposed the underlying 23-month prison sentence after making specific findings on the record regarding the jeopardy to public safety and Thomas' welfare if Thomas was not sent to prison.

Thomas appeals. He claims the court should have imposed an intermediate sanction under K.S.A. 2013 Supp. 22-3716(c)(1)(B). He contends that no reasonable person would have revoked his probation because there was no specific showing of harm in this instance.

When the district court revokes probation we review the district court's decision for any abuse of discretion. *State v. Gumfory*, 281 Kan. 1168, 1170, 135 P.3d 1191 (2006). The burden of showing an abuse of discretion rests with the one who asserts the claim. *State v. Davis*, 256 Kan. 1, 26, 883 P.2d 735 (1994). Judicial action constitutes abuse of discretion if the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). A judicial action is unreasonable when "no reasonable person would have taken the view adopted by the trial court." *Ward*, 292 Kan. at 550.

The district court has two considerations when presiding over a probation revocation hearing: (1) the factual question whether the probationer has violated a condition of probation and (2) the discretionary determination of whether the established violation warrants the revocation of probation. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). This discretionary determination is left to the district court. *State v. Graham*, 272 Kan. 2, 4, 30 P.3d 310 (2001).

Probation is a privilege not a matter of right. *State v. Gary*, 282 Kan. 232, 237, 144 P.3d 634 (2006). Under K.S.A. 2013 Supp. 22-3716(c)(9), the court may revoke probation without imposing an intermediate sanction if the court finds and sets forth its reasons for finding that "the safety of members of the public will be jeopardized or that the welfare of the offender will not be served by such sanction."

Here, the district court found that in the interest of public and personal safety the imposition of the underlying prison sentence was justified. The district court noted that a great deal of Thomas' criminal conduct was "a result of or at least associated with drug or alcohol use" and that he continued to have alcohol problems that could cause harm to the public and Thomas when taking into account his extensive criminal history. The district court observed that alcohol use at the time of the violation "gives a lot of public safety concerns."

Thomas argues that there was no evidence his alcohol consumption in this instance caused harm because he did not act violently or drive his car while intoxicated. But the district court did not find this reason compelling, and the district court's decision was reasonable. Thomas has a criminal history of A with numerous prior convictions. The court found a relationship between these crimes and his abuse of alcohol. The court's findings were a reasonable basis under K.S.A. 2013 Supp. 22-3716(c)(9) for concluding that an intermediate sanction would jeopardize public safety and not serve Thomas' interests. Thomas fails to demonstrate that no reasonable person would take this view.

Probation was Thomas' "one shot," and his violations directly conflict with the probation conditions. The district court did not abuse its discretion by not imposing graduated sanctions and implementing Thomas' prison sentence.

Affirmed.